## STATE OF CALIFORNIA v. GILLIS.
### No. 7286.

Circuit Court of Appeals, Ninth Circuit.
March 19, 1934.

U. S. Webb, Atty. Gen., State of California, and H. H. Linney, Deputy Atty. Gen., for the State of California.

Goudge, Robinson & Hughes and Ernest C. Carman, both of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order of the District Court permitting the receiver of the Western Oil & Refining Company to continue to operate the business of said oil company without posting bond, or other security, to guarantee to the state of California the payment of all license taxes, penalties, and other obligations (as required by the Motor Vehicle Fuel Act of 1923, pp. 571, 573, as amended by section 2 of the Act of 1931; 1931 Statutes of California, pp. 105, 106), and without securing from the California state board of equalization a license to operate the business of said oil company, as required by the aforementioned act.

The act in question defines the word "distributor," as used therein, as "every person, firm, association or corporation who refines, manufactures, produces or compounds motor vehicle fuel in this state and sells the same in this state"; and provides (section 3) that: "Every distributor before April 1, 1931, and after this act becomes effective every person, firm, association or corporation before becoming a distributor shall make an application to the state board of equalization for a license authorizing such distributor * * * to engage in business as a distributor. * * * It shall be unlawful * * * to be a distributor without first securing from the state board of equalization a license for which provision is made in this section. Before granting any license * * * to engage in business as a distributor, the state board of equalization must require such person, firm, association or corporation to file with said board * * * a bond duly executed by such person, firm, association or corporation as principal and a corporation such as is mentioned in section 1056 of the Code of Civil Procedure of this state, as surety, payable to the people of the State of California, conditioned upon faithful performance of all of the requirements of this act and expressly providing for the payment of all license taxes, penalties and other obligations of such person, firm, association or corporation arising out of this act." The license tax imposed by the act is 3 cents per gallon of gasoline distributed and sold in California and is payable only by the distributor.

It appears that after the effective date of the amendment to the act requiring the giving of a bond, a receiver was appointed for the Western Oil & Refining Company, and the receiver thereafter executed the required bond, procured a license as a distributor from the state board of equalization, and continued the operation of the oil company's business, paying the tax as it fell due.

June 7, 1933, the receiver filed in the District Court a pleading entitled "Application of receiver for instructions concerning operation after termination of bond given by receiver to State of California for payment of gasoline taxes," in which the receiver stated that he had been informed by the surety on his bond to the state that said surety would withdraw therefrom as of June 28, 1933, and that he had made efforts to secure a bond from another surety company, but without success, and had not been able to find any surety company that would write said bond and did not believe a bond could be obtained; "wherefore, the receiver prays that the Court do issue to him its instructions setting forth and directing him either to proceed in the operation of said receivership without any bond for the payment of taxes to the State of California, or to cease operations and liquidate at the expiration of the existing bond on June 28, 1933, or to take such other course and do such other things as to the Court may seem meet and proper."

The Attorney General of the state of California, as counsel for the state of California, the state controller, and the state board of equalization filed an answer to the application of the receiver questioning the power and jurisdiction of the District Court to make an order permitting the receiver to operate the business of the corporation without a license from the state board and without giving a bond as required by the act.

As above stated, the court made an order authorizing and directing the receiver to operate the said business without procuring a license from the state board and without giving a bond or other security.

Appellant contends "that a District Court of the United States is without power

or jurisdiction to order a Federal equity receiver to disregard valid State laws or to operate the business of a corporation contrary to and in violation of the laws of the State in which the business is carried on."

We are of opinion that the contention of appellant is correct and must be sustained.

Section 65 of the Judicial Code (28 USCA § 124) provides:

"Whenever in any cause pending in any court of the United States there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the state in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof. Any receiver or manager who shall willfully violate any provision of this section shall be fined not more than $3,000, or imprisoned not more than one year, or both."

The statute (section 65) is plain and emphatic, and we cannot read into it any exception which would permit a receiver to ignore or refuse to comply with its mandate. The Legislature of the state, as it had the right and power to do, determined that a bond should be given or a deposit made by distributors manufacturing and selling motor vehicle fuel in the state, to secure the payment of the tax. The act not being in conflict with any provision of the Federal or state Constitutions should be enforced. The reasons for the enactment of such legislation are obvious, and the collection of the state's revenue should not be impeded. It may well be that the court, in the instant case, will guard the rights of the state and order the payment in full by the receiver of all taxes in accordance with the act in advance of the payment of all costs and expenses of administration of the receivership. Nevertheless, the fact remains that the policy and purposes of the state are being thwarted. If the receiver in the instant case may carry on the business of the corporation without complying with the state law, other receivers appointed by federal courts may do likewise; and considering the number of "friendly receiverships" which find their way into the federal courts, it is easy to foresee the consequences.

We realize, of course, that the learned judge who entered the order in question was actuated by a desire to promote the interest of the estate. But compliance by a receiver with the state statute is a condition precedent to his right to engage in the business referred to; and if the receiver cannot comply therewith, we think the estate should be liquidated and the receivership closed.

We are not at liberty to inquire into the reasons or the motives of the Legislature; we can only examine into its power under the Constitution. And we think we may assume, until the contrary is shown, that the facts within the knowledge of the Legislature warranted it in enacting the statute. It seems to have acted within constitutional limitations, and that being so there is no ground for interference.

In the case of Sterling v. Constantin, 287 U. S. 378, 53 S. Ct. 190, 195, 77 L. Ed. 375, the court, although discussing an entirely different question, used language which we think is apposite here, as follows:

. "In the performance of its essential function, in promoting the security and well-being of its people, the state must, of necessity, enjoy a broad discretion. The range of that discretion accords with the subject of its exercise."

Order reversed.